UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ATLANTIC OFFSHORE LOBSTERMEN'S ASSOCIATION and CAROL COLES, LLC<br><br>Plaintiffs,<br>v.<br><br>THE HONORABLE Gina Raimondo,<br>as she is the Secretary of Commerce<br>United States Department of Commerce<br>1401 Constitution Avenue, N.W.<br>Washington, D.C. 20230<br><br>Defendant. | CIVIL ACTION<br>23-CV-490 |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### INTRODUCTION

1. Plaintiff, Atlantic Offshore Lobstermen's Association ("AOLA") is an industry organization that represents fishing vessel owners and crews engaging primarily in the offshore American lobster trap/pot fishery in federal waters in an area referred to as Lobster Management Area 3 ("LMA3). Its members, including plaintiff Carol Coles, LLC, hold limited access lobster permits which have been assigned a specified number of trap tags based on their fishing history and through transfers of trap tags from the permits of other vessels. They conduct their fishery out to the Hague Line, or the 200 miles limit. The total number of permits and trap tags has been limited in LMA3 since the 1990s, and is currently capped at 1,945 traps per vessel.

2. On October 2, 2023, Defendant published changes to the regulations governing the maximum number of traps/pots any vessel could fish, reducing the maximum number of traps any one vessel could fish from 1,945 to 1,548, over a five year period, allowing other vessels to purchase trap tags to increase up to 1,548, and allow inactive permits to acquire trap tags from those with more than 1,548.

3. Plaintiffs bring this action to challenge specific regulations, now included in regulations

implementing these changes implemented and codified at 50 C.F.R. §697.  Specifically, one challenged regulation unfairly reduces overall trap limits of larger vessels, constituting a mere economic reallocation of the fishery, in violation of National Standard, while not achieving any discernable conservation or other discernable goal under the Magnusson Act.  In actuality, it merely makes larger, offshore operations less efficient and increases their carbon footprint.

4. The rulemaking record for the new regulations demonstrates that the discriminatory measures for large volume LMA3 fishermen will have little positive impact on American lobster stocks and merely makes current operations less efficient, at a time when the industry is also facing challenges due to critically endangered North Atlantic right whales (NARW) and offshore wind development.

5. The challenged regulation represents an issue that was raised more than ten years ago, when scientific considerations were remarkably different, and before many other changes to conserve the American lobster fishery were implemented.

6. The gear restriction challenged herein is out of keeping with three of these National Standards.  It is not consistent with the best scientific information available, which concluded that the measure would not have the significant conservation effect, *see* National Standard Two, 16 U.S.C. §1851(a)(2).  The restriction represents an allocation of fishing privileges among U.S. fishermen that is neither fair, equitable, or reasonably calculated to promote conservation, *see* National Standard Four, 16 U.S.C. §1851(a)(4).  The restriction violates National Standard Five as it is based solely on an economic allocation decision, *see* 16 U.S.C. §1851(a)(5).

7. The restriction also violates Administrative Procedure Act ("APA") decision-making standards generally, 5 U.S.C. §706(2), because the Secretary impermissibly ceded ultimate decision-making authority on the appropriateness and efficacy of the restriction to the Atlantic State Fishery Commission, despite the fact the LMA3 fishery is entirely federal, as opposed to coastal states waters fisheries.

8. Finally, the restriction was implemented in violation of the Regulatory Flexibility Act, as amended, 5 U.S.C. §§601 *et seq.* ("RFA"). The Defendant Secretary's designees never attempted at the proposed rulemaking stage, to assess this measure's economic impact on Plaintiffs and similarly situated small businesses or to develop potential ameliorative alternatives to this crippling gear restriction. Therefore, their subsequent RFA analyses in the final rule were irretrievably flawed.

9. Plaintiffs agree that some measures are needed to conserve American lobster stocks, and are certainly willing to do their part in any reasonable conservation effort, however present rules provide adequate protection for the lobster stock in Area 3. That said, they cannot accept being singled out and forced to inequitably reduce the efficiency of their fishing effort merely to equalize number of traps fishermen can utilize on one permit.

10. Accordingly, Plaintiffs seek herein a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.,* that the challenged restriction was implemented in violation of the Magnuson-Stevens Act, the APA, the United States Constitution, and the RFA and an injunction setting aside the challenged restriction in its entirety.

## PARTIES

11. Plaintiff, Carol Coles, LLC is a New Hampshire Limited Liability Corporation organized in New Hampshire, doing business in Newington, NH and is the owner and operator of the F/V CAROL COLES. The CAROL COLES is a documented vessel of the United States, with a registered length of 86 feet, and holds a federal American Lobster permit from the Greater Atlantic Regional Fisheries Office (GARFO), and is currently allocated 1,938 trap tags for LMA3. The proposed regulations will reduce the CAROL COLES trap tag allocation to 1,548.

12. Atlantic Offshore Lobstermen's Association (AOLA) is a Rhode Island registered association with a place of business in Newington, NH. AOLA was formed, and continues, to promote the interests of vessels, owners and crew engaged in the offshore lobster

fishery. Its members compromise over 50% of the fishing effort in LMA3.

13. Defendant, the Honorable Gina Raimondo, is Secretary of the Department of Commerce. She is sued solely in her official capacity. The Secretary of Commerce, by and through her designees at the NMFS, promulgated the challenged regulations affecting trap allocation limits.

## SUBJECT MATTER JURISDICTION

14. This Court has subject matter jurisdiction pursuant to 16 U.S.C. §1855(f) (the Magnuson-Stevens Act's judicial review provisions); 5 U.S.C. §611 (the RFA's judicial review provisions), 28 U.S.C. §2201 (the Declaratory Judgment Act), and 5 U.S.C. §§701-06 (the APA's judicial review provisions).

15. This action is timely under 15 U.S.C. §1855(f) because it has been brought within 30 days of the October 2, 2023 promulgation of the regulations imposing the trap tag limits.

## VENUE

16. Venue lies in this Court pursuant to 28 U.S.C. §1391(e). The Defendant Secretary of Commerce is an officer of the United States. A substantial portion of the Atlantic lobster fishery lies seaward of the United States District Court for the District of New Hampshire and at least 14 vessels fishing in LMA3, and homeported in New Hampshire, will be affected by the trap tag limits, all of whom are members of AOLA.

## REGULATORY BACKGROUND

17. In general, the Magnuson-Stevens Act places the responsibility with the Defendant and her designees at NMFS for conserving and managing fish stocks under federal jurisdiction.

18. Under the Magnuson-Stevens Act and the Atlantic State Marine Fishery Commission Act (ASMFC), the ASFMC recommends measures to the Secretary's designees to conserve and manage fish stocks within each council's respective jurisdiction.

19. The Secretary's designees at NMFS are to evaluate ASMFC's recommendation; approve, disapprove, or take steps to modify a council's recommendation; and then develop and implement the ASMFC's recommendation, if approved and in accordance with federal law.

20. The NEFMC and ASMFC have primary authority for recommending measures to the defendant Secretary to conserve and manage American lobster stocks, although he LMA3 fishery is exclusively a federal waters fishery, unlike the other federal and state management areas, which overlap.

21. Regulations implementing the American lobster fishery management plan are set forth at 50 C.F.R. Part 697.

22. Plaintiffs and other similarly situated individuals participated in the public comment process, which has been reopened for limited purposes until December 2, 2023.

23. On October 2, 2023, as explained above, the Defendant's designees promulgated regulations implementing the trap reductions. *See* 88 Fed. Reg. 67667-67681.

24. More specifically, Defendant inadequately considered the economic effect of reducing the largest vessels' trap allocations, which fish furthest offshore, particularly in light of additional proposed restrictions for NARW and offshore wind development, proposed out to The Hague Line. *See* 64 Fed. Reg. 54745. Therefore, the RFA required them to conduct an initial regulatory flexibility analysis ("IRFA") of the trap reductions restrictions pursuant to 5 U.S.C. §603. Most prominently, an IRFA is designed to elucidate potential economically ameliorative alternatives to a measure that will have a significant economic impact on small businesses.

25. In the final rulemaking document, the agency failed to collect and analyze the pertinent economic data and information and failed to complete the analyses of actual losses, increased costs, alternatives, and economic impacts that the RFA required them to make in a Final Regulatory Flexibility Analysis ("FRFA") under 5 U.S.C. §. 604.

## COUNT ONE
### (Magnuson-Stevens Act, via APA)

26. Plaintiffs allege paragraphs 1-25 as if they were set forth in full herein.

27. The Magnuson-Stevens Act provides that a fishery management regulation shall be set aside if it fails to conform with 5 U.S.C. §§706(2)(a), (B), (C), or (D). *See* 16 U.S.C.

§1855(f).

28. The APA, at Section 706(2), proscribes agency action that is:

   a. arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or] (D) without observance of procedure required by law….

29. In addition, the Magnuson-Stevens Act provides that "[a]ny fishery management plan prepared, and any regulation promulgated to implement any such plan, shall be consistent with [ten]…national standards for fishery conservation and management." 16 U.S.C. §1851(a).

30. The regulations implementing the trap reductions at issue herein represent "regulations," as that term is used in both 16 U.S.C. §§. 1855(f) and 1851(a).

31. Magnuson-Stevens Act National Standard Two provides that, "Conservation and management measures shall be based upon the best scientific information available." 16 U.S.C. §1851(a)(2).

32. The regulations implementing the lobster trap tag reduction failed to use the best scientific information available because, among other things, the Secretary's designees concluded the LMA3 fishery was doing remarkably well, in contrast to areas such as Southern New England, and will not have any demonstrable positive impact on lobster conservation, particularly as excess traps can be moved to other, currently inactive, permits.

## COUNT TWO
### (Magnuson-Stevens Act, via APA)

33. Plaintiffs allege paragraphs 1-32 as if they were set forth in full herein.

34. Magnuson-Stevens Act National Standard Four requires that:

35. Conservation and management measures shall not discriminate between residents of different states. If it becomes necessary to allocate or assign fishing privileges among

6

various Unites States fishermen, such allocation shall be (A) fair and equitable to all such fishermen; (B) reasonably calculated to promote conservation; and (C) carried out in such manner that no particular individual, corporation or other entity acquires an excessive share of such privileges.

    a. 16 U.S.C. §151(a)(4).

36. The regulations implementing the tap reductions do not comply with National Standard Four because, among other reasons, the proposed trap reductions unfairly single out Plaintiffs and their members, who fish larger vessels, further out to sea, and such measure lacks any rational or demonstrable conservation basis.

## COUNT THREE
## (Magnuson-Stevens, via APA)

37. Plaintiffs allege paragraphs 1-36 as if they were set forth in full herein.

38. Magnuson-Stevens Act National Standard Five requires that "Conservation and management measures shall, where practicable, consider efficiency in the utilization of fishery resources; except that no measure shall have economic allocation as its sole purpose." 16 U.S.C. §1851(a)(5).

39. The regulations implementing the trap limits do not comply with National Standard Five because, among other reasons, they operate solely to allocate the ability to fish for lobsters from larger users to smaller users, by effectively forcing the transfer of trap tags to other permits, or permit holders.

## COUNT FOUR
## (APA)

40. Plaintiffs allege paragraphs 1-39 as if they were set forth in full herein.

41. The APA proscribes agency decision-making that represents an abuse of discretion and does not comply with statutory requirements. 5 U.S.C. §706(2).

42. Defendant, through his designees, has abdicated her statutory obligation to review in

substance the NEFMC's and MAFMC's recommendation for the Management Plan for American Lobster.

## COUNT FIVE

### (Due Process and the APA)

43. Plaintiffs allege paragraphs 1-42 as if they were set forth in full herein.

44. The United States Constitution provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, §1.

45. By abdicating her statutory role to review in substance the ASMFC's recommendation for the gear restriction challenged herein, as the Magnuson-Stevens Act requires, Defendant, through her designees, has deprived Plaintiffs and their members of property without due process of law and also thus violated the APA.

## COUNT SIX

### (Regulatory Flexibility Act, as amended)

46. Plaintiffs allege paragraphs 1-45 as if they were set forth in full herein.

47. Plaintiffs' and AOLA's members are "small entities" as that term is employed in the RFA's judicial review provisions, 5 U.S.C. §611(a)(1).

48. Defendant's designees have certified that the ALFMP and its implementing regulations will have a significant economic impact on a substantial number of small entities. 64 Fed. Reg. 54741. Defendant's designees have failed to assess the cumulative effect of the trap reduction regulations with other plans, and have understated the economic effect on small business.

49. Therefore, the RFA required the Secretary and her designees to complete an initial regulatory flexibility analysis (IRFA) which describes any significant alternatives to the proposed rule which "accomplish the stated objectives of applicable statutes and which minimize any significant economic impact of the proposed rule on small entities." 5 U.S.C. §603(c).

50. The failure to complete an IRFA that considered the challenged gear restriction and

thereafter to solicit public comments on that IRFA precluded the Defendant's designees from completing an adequate final regulatory flexibility analysis, including an analysis of potential alternatives developed through the IRFA process, as required by the RFA, 5 U.S.C. §604.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs respectfully seek an Order of this Court:

1. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that American lobster trap/pot trap reductions in LMA3 established by the ASMFC and imposed by the regulations implementing the American Lobster Fishery Management Plan were established by the Secretary and her designees in a manner that was arbitrary, capricious, an abuse of discretion, and not in accordance with law (the Magnuson-Stevens Act, the APA, the United States Constitution, and the Regulatory Flexibility Act), in excess of statutory jurisdiction, authority, or limitations, and short of statutory right conferred by the above-referenced law;
2. Setting aside the Lobster trap/pot limits in LMA3 for the reasons stated above;
3. Declaring that the regulations implementing the lobster trap reductions in LMA3 were promulgated in violation of the Regulatory Flexibility Act, as amended, and suspending these restrictions' applicability to small entities, pursuant to 5 U.S.C. §611(a)(4)(B);
4. Ordering the Defendant to conduct a full Regulatory Flexibility Analysis which takes into account the cumulative effect of all fishery management plans, including measures to protect NARW, and offshore wind development, rather than looking solely at the effect of one individual regulation;
5. Awarding Plaintiffs their costs and attorneys' fees as appropriate;
6. Scheduling a hearing on the merits as soon as is practicable; and
7. Granting such other relief as is just and proper.

        Respectfully submitted,
**Atlantic Offshore Lobstermen's Association and Carol Coles, LLC**
By their attorney,

Dated: November 1, 2023

*/s/ Kevin J. Kiely*
Kevin J. Kiely, Esquire
NH BBO No. 266084
85 Eastern Ave., Suite 306
Gloucester, MA 01930
Tel: (978) 314-1699
kevin@oldharborlaw.com

*/s/ Stephen M. Ouellette*
Stephen M. Ouellette, Esquire
MA BBO No.: 543752
85 Eastern Ave., Suite 306
Gloucester, MA 01930
Tel: (978) 281-7788
Cell: (978) 317-2542
stephen.ouellette@fishlaw.com
(pending admission *pro hac vice)*